















JAH   9/4/01   13:16

3:99-CV-02202   FREUND V. NYCOMED AMERSHAM

*146*

*JGM.*

FILED

AUG 31 2001

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
CY                                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY R. FREUND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NYCOMED AMERSHAM, a business entity, | ) |
| form unknown, AMERSHAM HOLDINGS, | ) |
| INC., NYCOMED AMERSHAM IMAGING, a | ) |
| division of NYCOMED AMERSHAM, and | ) |
| AMERSHAM/MEDI-PHYSICS, INC., a division | ) |
| of NYCOMED AMERSHAM, and DOES 1 | ) |
| through 100, Inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

CASE NO. 99  CV 2202IEG POR

**AMENDED JUDGMENT ON VERDICT IN JURY TRIAL AND FOLLOWING POST-TRIAL MOTIONS**

///

///

///

///

///

///

///

///

///

146

ENTERED ON 9/4/01

1       This cause came on for trial before the court and a jury on April 3, 2001, in Courtroom

2   13 of the United States District Court for the Southern District of California, the Honorable Irma

3   E. Gonzalez, Judge Presiding.  John S. Adler, Esq. of the firm THE LAW OFFICES OF JOHN

4   S. ADLER, A.P.C., appeared as attorney for Plaintiff JEFFREY R. FREUND, and Stephen R.

5   Ginger, Esq. and Kathryn L. Morgan, Esq., of the firm CONDON & FORSYTH LLP appeared

6   as attorneys for defendants NYCOMED AMERSHAM, AMERSHAM HOLDINGS, INC.,

7   NYCOMED AMERSHAM IMAGING, a division of NYCOMED AMERSHAM, and

8   AMERSHAM/MEDI-PHYSICS, INC., a division of NYCOMED AMERSHAM.

9       A jury of eight (8) persons was impaneled and sworn.  Witnesses were sworn and testified.

10  After hearing the evidence and the arguments of attorneys, the jury was instructed by the court,

11  directed to find special verdict(s) upon all of the issues tried and retired to consider its verdict.

12      After returning into court and being called, the jurors on Special Verdict No. 1, rendered

13  April 12, 2001, answered to their names and rendered their verdict in writing in words as follows:

### SPECIAL VERDICT NO. 1

15  Question 1:   Was plaintiff's employment with defendant terminated in violation of public

16            policy?

17      Answer:      "Yes" or "No":      "Yes"

19      If the answer to Question 1 is "Yes", continue to Question 2 and answer the remaining

20  questions.  If the answer to Question 1 is "No", the Foreperson should sign and date this

21  form, and the jury should return it to the Court.

22  Question 2:   What amount of damages, if any, do you find for lost wages and benefits,

23            past and future?

24      Answer:      $1,130,000.00

25  ///

26  ///

27  ///

28  ///

2

1  Question 3:  What amount of damages, if any, do you find for emotional distress?

2  Answer:  $20,000.00

3  Question 4:  Do you find clear and convincing evidence of willful, malicious or

4  oppressive conduct, or conduct in conscious disregard of plaintiff's

5  rights, on the part of any officer, director or managing agent of defendant?

6  Answer: "Yes" or "No":   "Yes"

7  Question 5:  Do you find clear and convincing evidence of any officer, director or

8  managing agent of defendant authorizing or ratifying any willful, malicious

9  or oppressive conduct, or conduct in conscious disregard of plaintiff's

10  rights?

11  Answer: "Yes" or "No":   "Yes"

12  The Foreperson should sign and date this form, and the jury should return it to the Court.

13  DATED: April 12, 2001                    /s/ Janell Pemberton, Juror No. 3.
                                            Foreperson
14

15  This Court thereafter, before the same panel of eight (8) jurors that heard, considered and

16  decided the issues set forth in Special Verdict No. 1, and following the presentation of evidence,

17  instruction of jurors by the Court and arguments of counsel, directed the jury to find a special

18  verdict on the issue remaining in this cause, and the jury retired to consider its verdict. And the

19  jury, on April 16, 2001, having found such verdict upon the issue tried, by Special Verdict No.

20  2, answered to their names and rendered their verdict in writing in words as follows:

21  **SPECIAL VERDICT NO. 2**

22  Question 6:  What amount, if any, do you award to punish the defendant and/or serve

23  as an example or warning to others not to engage in the same kind of

24  conduct.

25  Answer:  $1,150,000.00

26  ///

27  ///

28  ///

3

Question 3:   What amount of damages, if any, do you find for emotional distress?

Answer:   $20,000.00

Question 4:   Do you find clear and convincing evidence of willful, malicious or oppressive conduct, or conduct in conscious disregard of plaintiff's rights, on the part of any officer, director or managing agent of defendant?

Answer: "Yes" or "No":   "Yes"

Question 5:   Do you find clear and convincing evidence of any officer, director or managing agent of defendant authorizing or ratifying any willful, malicious or oppressive conduct, or conduct in conscious disregard of plaintiff's rights?

Answer: "Yes" or "No":   "Yes"

The Foreperson should sign and date this form, and the jury should return it to the Court.

DATED: April 12, 2001                    /s/ Janell Pemberton, Juror No. 3.
                                                          Foreperson

This Court thereafter, before the same panel of eight (8) jurors that heard, considered and decided the issues set forth in Special Verdict No. 1, and following the presentation of evidence, instruction of jurors by the Court and arguments of counsel, directed the jury to find a special verdict on the issue remaining in this cause, and the jury retired to consider its verdict. And the jury, on April 16, 2001, having found such verdict upon the issue tried, by Special Verdict No. 2, answered to their names and rendered their verdict in writing in words as follows:

**SPECIAL VERDICT NO. 2**

Question 6:   What amount, if any, do you award to punish the defendant and/or serve as an example or warning to others not to engage in the same kind of conduct.

Answer:   $1,150,000.00

The Foreperson should sign and date this form, and the jury should return it to the Court.

DATED: April 16, 2001                    /s/ Janell Pemberton, Juror No. 3.
                                                          Foreperson

3

1    On April 27, 2001, this Court, in pertinent part, entered Judgment in favor of plaintiff and
2    against defendants, and each of them, for the amounts set forth in the jury's special verdicts as
3    described above.

4    Thereafter, on May 3, 2001, plaintiff filed his motion for costs and attorneys fees. On
5    May 10, 2001, defendants filed a motion for judgment as a matter of law and a motion for a new
6    trial. By Order dated August 7, 2001, the Court (1) denied in part and granted in part defendants'
7    motion for judgment as a matter of law; (2) vacated the punitive damages award; (3) denied
8    defendants' motion for new trial and (4) denied plaintiff's motion for attorneys fees and costs
9    under California Labor Code Section 2802.

10   It is, therefore, the Judgment of this Court as follows:

11   1.  Plaintiff JEFFERY R. FREUND shall have judgment in his favor against defendants.
12   NYCOMED AMERSHAM, AMERSHAM HOLDINGS, INC., NYCOMED AMERSHAM
13   IMAGING, a division of NYCOMED AMERSHAM, and AMERSHAM/MEDI-PHYSICS, INC.,
14   a division of NYCOMED AMERSHAM, and each of them;

15   2.  Plaintiff JEFFREY R. FREUND shall recover $1,150,000.00 from defendants,
16   NYCOMED AMERSHAM, AMERSHAM HOLDINGS, INC., NYCOMED AMERSHAM
17   IMAGING, a division of NYCOMED AMERSHAM, and AMERSHAM/MEDI-PHYSICS, INC.,
18   a division of NYCOMED AMERSHAM, each of whom are jointly and severally liable for said
19   sum on this judgment;

20   3.  Plaintiff JEFFREY R. FREUND shall recover against defendants NYCOMED
21   AMERSHAM, AMERSHAM HOLDINGS, INC., NYCOMED AMERSHAM IMAGING, a
22   division of NYCOMED AMERSHAM, and AMERSHAM/MEDI-PHYSICS, INC., a division
23   of NYCOMED AMERSHAM, and each of them, all of whom are jointly and severally liable,
24   statutory costs under the Federal Rules of Civil Procedure in the sum of $14,048.26, in
25   accordance with the unopposed Bill of Costs timely filed by plaintiff herein. Those additional
26   costs sought under California Labor Code Section 2802 are disallowed.

27   ///

28   ///

4

4.  Plaintiff JEFFREY R. FREUND shall further be entitled to recover against defendants, NYCOMED AMERSHAM, AMERSHAM HOLDINGS, INC., NYCOMED AMERSHAM IMAGING, a division of NYCOMED AMERSHAM, and AMERSHAM/MEDI-PHYSICS, INC., a division of NYCOMED AMERSHAM, and each of them, all of whom are ~~jointly and severally~~ liable, interest at a rate to be determined by the Court on all sums that constitute the judgment hereunder, as provided by law, from April 27, 2001, the date of the original entry of judgment herein, until paid.

Dated: ___8/30/01___

Judge, United States District Court

Dated: _____

Clerk of Court